IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JEFFERY CORNELIUS THOMPSON,**

   Plaintiff,

vs.                                                                    Case No. 4:12cv321-RS/CAS

**FLORIDA PAROLE COMMISSION,**
et al.,

   Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, has filed a civil rights complaint under 42 U.S.C. § 1983.  Doc. 1.  As Plaintiff has now paid the assessed initial partial filing fee, the complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff complains that his probation was revoked in 1996 and he was committed to the custody of the Florida Department of Corrections.  Doc. 1.  Plaintiff was released from prison on February 19, 2002.  *Id.* at 6.  Plaintiff asserts that he should have been placed on conditional release supervision only until January 2003, but he was erroneously placed on conditional release until January 2005.  *Id.* at 7.  Plaintiff contends that Defendant Patterson, a probation specialist, "was made aware of the

error at the time of [Plaintiff's] release, and [Plaintiff] requested that" the error be corrected. *Id.* It was not corrected, and on July 29, 2003, a warrant was issued to revoke Plaintiff's conditional release. *Id.* Plaintiff alleges that issuance of the warrant violated his civil rights. *Id.* An additional warrant was issued on August 12, 2003, and again on August 26, 2003. *Id.* Plaintiff alleges these warrants were also "illegally issued since [Plaintiff] was not on any conditional release at such times." *Id.*

Thereafter, Plaintiff alleges that he was "illegally incarcerated" on October 17, 2003 for violations of probation. *Id.* Plaintiff was incarcerated from October 17, 2003, until April 4, 2005. *Id.*

Plaintiff's freedom did not last long and just over a month after his release he was "once again arrested for violation of conditional release" on May 11, 2005. *Id.* at 8. Plaintiff claims this was another illegal arrest and incarceration. *Id.* Plaintiff was released from prison on January 1, 2006, and claims that once again, he was erroneously placed on conditional release supervision for another six months, until June 28, 2006. *Id.*

Plaintiff alleges that he was illegally incarcerated for 1,249 days and was denied his "liberty and freedom due to acts of deliberate indifference by the Florida Parole Commission and its various agents." *Id.* at 8-9. As relief, Plaintiff seeks an "admission to the error and violation and denial of [his] rights by the Defendants, and monetary compensation for [his] illegal incarceration." *Id.* at 10.

Plaintiff's claims cannot proceed for two reasons. First, it is well established that one may not seek monetary damages which would collaterally undermine a criminal conviction or sentence. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841,

36 L. Ed. 2d 439 (1973) (prohibiting injunctive relief which would result in speedier or immediate release from a term of imprisonment); <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994) (barring a claim for monetary damages related to a conviction or sentence until the plaintiff can show that the conviction or sentence has been invalidated).  In <u>Heck</u>, the Court held "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." <u>Harden v. Pataki</u>, 320 F.3d 1289, 1294 (11th Cir. 2003), *quoting* <u>Heck</u>, 512 U.S. at 486-87, 114 S.Ct. at 2372.  "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."  <u>Heck</u>, 512 U.S. at 487, 114 S.Ct. at 2372.  In this case, Plaintiff's claims are not cognizable because as part of Plaintiff's relief, he is seeking an "admission" of error, demonstrating that none of Plaintiff's prior convictions and incarcerations have yet been invalidated.

      The second reason that Plaintiff cannot proceed is that his claims are barred by the statute of limitations.  A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  <u>Burton v. City of Belle Glade</u>, 178 F.3d 1175, 1188 (11th Cir. 1999), *citing* <u>Owens v. Okure</u>, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); <u>Wilson v. Garcia</u>, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).  In Florida, "a plaintiff must commence a § 1983 claim . . . within

four years of the allegedly unconstitutional or otherwise illegal act."  Burton, 178 F.3d at 1188, *citing* Baker v. Gulf & Western Indus., Inc., 850 F.2d 1480, 1483 (11th Cir. 1988). Because Plaintiff's claims are based on events which transpired beginning in February 2002, they are barred by the statute of limitations and must be dismissed.

Although the limitations period is determined by state law, when a § 1983 action accrues is a question of federal law.  Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited).  The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury.  *Id.*  Plaintiff alleged in the complaint that he knew when he was released form prison in February 2002 that he should not have been placed on conditional release supervision.  Doc. 1 at 6-7.  Plaintiff claimed that the probation specialist "was made aware of the error at that time."  Thus, Plaintiff's claim accrued in 2002 and is barred by the statute of limitations.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 26, 2012.


   S/    Charles A. Stampelos
  **CHARLES A. STAMPELOS**
  **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.